**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PETER M. RAUB, #318472,**

      **Plaintiff,**

                                    **Civil No: 06-CV-12348**
                                    **Honorable Patrick J. Duggan**
                                    **Magistrate Judge Virginia M. Morgan**

**v.**

**CORRECTIONAL MEDICAL SERVICES,**
**JAN GOLDBERGER, D.O., MS. ENOS,**
**S. MCCAULEY, JOYCE WEIPPERT, R.N. &**
**JOHN DOE DENTIST,**

      **Defendants.**
_____

**OPINION & ORDER SUMMARILY DISMISSING**
**PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on June 13, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT

**I. Introduction**

Plaintiff, Peter M. Raub, presently confined at Saginaw Regional Facility in Saginaw, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff asserts that the Defendants impeded and/or failed to provide proper medical care for Plaintiff's ailments. As a result of Defendants' alleged conduct, Plaintiff maintains that he has been subjected to cruel and unusual punishment pursuant to the Eighth Amendment

of the United States Constitution. Accordingly, Plaintiff has filed this civil rights complaint and requests to be compensated in the sum of two million two hundred seventy thousand dollars ($2,270,000.00). The Court finds that Plaintiff's Complaint is summarily dismissed without prejudice for failure to exhaust administrative remedies.

## II. Discussion

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law, *Porter v. Nussle*, 534 U.S. 516, 524, 532, 122 S. Ct. 983, 988, 992 (2002), and regardless of the relief sought and offered through administrative procedures, *Booth v. Churner*, 532 U.S. 731, 741, 741 n.6, 121 S. Ct. 1819, 1825, 1825 n.6 (2001). Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'" *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert

2

the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure. *See* MDOC Policy Directive 03.02.130 (Dec. 19, 2003). This procedure requires the prisoner to:

> [F]irst file a grievance with the internal grievance coordinator at the prison in which he is incarcerated. If the grievance is denied at this level, the prisoner can appeal it to the prison's warden. If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. . . . Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey*, 407 F.3d at 803 n.2 (citing MDOC Policy Directive 03.02.130).

To properly exhaust MDOC grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). First, the MDOC requires a prisoner to define the grievable issue at Step I of the grievance process. Policy Directive 03.02.130 ¶ X; Prisoner/Parolee Grievance Form (CSJ-247A). Steps II and III of the grievance process provide a prisoner the opportunity to express dissatisfaction with the response received at the previous step. Policy Directive 03.02.130 ¶ ¶ DD, HH; Prisoner/Parolee Grievance Form (CSJ-247B).

Second, a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Moreover,

the district court should enforce the exhaustion requirement *sua sponte*, if not raised by the defendants. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Thus, for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process.

In this case, Plaintiff has not attached any documentation to support that he has exhausted his administrative remedies. Therefore, Plaintiff must describe with specificity the administrative proceedings he exhausted and the outcome. In his Complaint, although Plaintiff alleges that he filed grievances, these allegations are too vague to satisfy the exhaustion requirement.

First, Plaintiff alleges that he filed grievances and received incomplete responses. (Compl. ¶ 10). However, he fails to state what the grievances were about and whom they were lodged against.

Second, Plaintiff asserts that in June or July of 2005, he filed a grievance regarding improper medical treatment for a lesion in or around his mouth area. (Compl. ¶ 13). However, he does not state against whom the grievance was filed.

Third, Plaintiff maintains that on October 5, 2005 he filed a grievance regarding a delay in the diagnosis and treatment of the lesion he complained about in June or July 2005. (Compl. ¶ 19). However, Plaintiff fails to articulate precisely whom he blames for the delay.

Fourth, on October 29, 2005, Plaintiff contends that he filed a grievance against "John Doe Dentist" for causing him pain when the dentist "yanked out" his upper denture plate.

(Compl. ¶ 37). There is no indication that Plaintiff exhausted the administrative proceedings.

Fifth, on November 2, 2005, Plaintiff contends that he filed a grievance against the Saginaw Regional Facilities Healthcare, for improper medical treatment relative to abdominal cramping and rectal bleeding the Plaintiff was experiencing. (Compl. ¶ 23). However, Saginaw Regional Facilities Healthcare is not a named defendant.

Finally, Plaintiff contends that, on March 14, 2005, he filed a grievance against Dr. Goldberger for allegedly failing to inform the Plaintiff and other medical staff about Plaintiff's "Blood Borne Disease." (Compl. ¶ 31). Plaintiff contends that this oversight resulted in medicine being prescribed for the Plaintiff which damaged his liver and caused him gastro-intestinal distress. (*Id.*). Plaintiff fails to inform the Court whether he exhausted his administrative remedies.

Although Plaintiff alleges that he filed several grievances, he has failed to adhere to the MDOC grievance procedure in several respects: (1) some of the grievances do not indicate which individual committed the grievable act; (2) although each grievance involves some aspect of medical care, the ailments are different and there has been no showing that they are related; (3) there has been no showing that any grievance standing alone has been exhausted through the three-step MDOC process; and (4) there has been no showing that each of Plaintiff's claims were raised during the Step 1 grievance stage. Consequently, Plaintiff has failed to meet his burden of showing that he has fully exhausted the required administrative remedies as to the claims contained in his Complaint, pursuant to MDOC Policy Directive 03.02.130.

5

### III. Conclusion

**IT IS ORDERED** that Plaintiff Peter M. Raub's Complaint, filed May 25, 2006, is summarily **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Plaintiff's Application to Proceed without Payment of Fees is **DENIED AS MOOT**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copy to:

Peter Raub
318472
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623